**HATALA, Appellant,**

v.

**OHIO BUREAU OF WORKERS' COMPENSATION et al., Appellees.**

[Cite as *Hatala v. Ohio Bur. of Workers' Comp.* (1993), 88 Ohio App.3d 77.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1775.

Decided May 27, 1993.

*Gemma & Gemma* and *Anthony N. Gemma,* for appellant.

*Lee Fisher,* Attorney General, and *Peter E. DeMarco,* Assistant Attorney General, for appellees.

WHITESIDE, Judge.

Plaintiff, Donald M. Hatala, appeals from a judgment of the Ohio Court of Claims, raising a single assignment of error, as follows: "The trial court erred in granting appellee's motion for summary judgment."

By his complaint, plaintiff sought judgment against the state of Ohio, allegedly acting through its Ohio Bureau of Workers' Compensation ("bureau"), and the Industrial Commission of Ohio ("commission"), for damages allegedly sustained as a result of alleged negligence on the part of the Ohio Bureau of Workers' Compensation and the Industrial Commission in the management and disbursement of funds allocated to plaintiff as a home-modification allowance from the Workers' Compensation Fund.

The complaint alleges that plaintiff sustained an industrial injury, which was recognized as a compensable injury, and plaintiff was found to be permanently and totally disabled as a result of such injury. Subsequently, plaintiff was awarded a home-modification allowance, in the amount of $20,697.64, to remodel his residence so that it would accommodate his work-related disabilities. The complaint further alleges that, as a result of the alleged negligence on the part of the state agencies, the sum of $12,018.64 was paid to L & J Construction Company contrary to accepted business and financial practices and without the taking of any reasonable steps to assure that the work and materials contracted for were or would be furnished. The complaint then alleges that the materials and work furnished by said construction company proved to be unworkmanlike, unmerchantable, and in violation of applicable building codes.

Defendant state, acting through its two named agencies, filed a motion for summary judgment, relying in part upon the depositions of plaintiff in which he stated that he, not the state, obtained estimates for the work, chose the contractors from whom to solicit bids, and entered into contracts with the contractors for the work. Upon application by plaintiff, the state, acting through the Bureau of Workers' Compensation, authorized the payment of $20,697.64 and made payments directly to the contractors upon submission of bills for materials after authorization, but prior to completion, of the work. The Court of Claims sustained the state's motion for summary judgment and entered judgment for the state, resulting in this appeal.

The remodeling of plaintiff's residence found to be necessary was extending his house out six feet in order to make the rooms wider and barrier free. In addition, prior to the present application, a wheelchair ramp was authorized to be constructed for access to plaintiff's home.

In his deposition, plaintiff admitted that he, not the Bureau of Workers' Compensation, selected contractors from whom to obtain estimates, after checking with the Better Business Bureau as to the contractors. At the direction of the bureau, he obtained three estimates. The award made by the bureau was in the amount of the lowest bid. L & J Construction Company was the lowest bidder and submitted a bill in the amount of $12,018.64 to the bureau for advance payment for materials. This bill was paid only after plaintiff had engaged L & J to perform the work, even though before the work had been performed. Plaintiff became dissatisfied with L & J's work and terminated the contract. His dispute with L & J was settled by L & J's paying him the sum of $6,500.

The evidence indicates that the Industrial Commission's policy for paying home modifications for injured claimants was to authorize payment to contractors selected by the injured claimant for materials immediately upon receipt of written

authorization to perform the work, but that bills for labor would be paid only upon completion of the work.

After canceling the contract with L & J, plaintiff engaged a second contractor, Dwight L. Depp and Sons, with whom he also became dissatisfied, canceled the contract, and filed a complaint with the Better Business Bureau.

Plaintiff filed an application for additional funds for remodeling beyond the $20,697.64 previously authorized, which was denied by the Industrial Commission because plaintiff failed to prove the amount previously awarded was insufficient to perform the modifications originally requested. This determination was affirmed by a regional board of review and the Industrial Commission.

Even assuming that the policy of the state to make advance payment for materials to contractors for authorized home improvement for persons disabled as a result of an industrial injury be imprudent or incorrect, and even assuming that the state, acting through the bureau and commission, was somehow negligent in connection with making the payment to the contractor selected by plaintiff to perform the work, we still find no basis for a claim for relief by plaintiff against the state. First, plaintiff, not the state, contracted with the contractor, supervised the work, and made the determination as to the work to be performed and the quality of performance. Plaintiff canceled the contract with the contractors and sought reimbursement. He settled for the sum of $6,500 with one contractor, which presumably was the correct amount. In other words, by plaintiff's action in making the settlement, he in effect admits that he received a benefit of $6,500 from L & J's performance or from the materials it furnished. It must be noted that the entire $12,000 was paid for materials, not labor. Plaintiff has presented no evidence contradicting this evidence.

Plaintiff also asserted a claim against the second contractor, whom he hired and fired, which he also settled. In short, plaintiff had exercised control over the contractors as to their performance and terminated their contracts when he became dissatisfied with their performance under the contract. He then asserted claims against the two contractors, both of which claims he settled upon terms presumably agreeable to him and also fair and reasonable. Neither the bureau nor the commission had any control over plaintiff's relationships with the contractors he selected, nor over the settlement of the claims he asserted against the contractors.

After discharging the two contractors, plaintiff determined to act as his own general contractor and was paid the remainder of the $20,000 awarded for the home modification. He states that he ran out of money, and the home modification remains unfinished.

The Court of Claims correctly found that the evidence, construed most strongly in favor of plaintiff, presents no genuine issue of fact, and reasonable minds could reach only a conclusion adverse to plaintiff. What plaintiff challenges is the policy of the bureau and commission of making advance payments to contractors for materials to facilitate the construction of home modifications for a worker disabled by an industrial injury. Establishment of such a policy is a matter involving the exercise of a high degree of administrative discretion, as is its determination to rely upon the disabled worker to select contractors and to supervise performance of the work. The state is not liable for negligence of its agents in the performance of duties involving a high degree of administrative discretion. *Reynolds v. State* (1984), 14 Ohio St.3d 68, 14 OBR 506, 471 N.E.2d 776. The state, acting through the bureau or commission, has no duty to the disabled worker to whom a home-modification award is made to assure that that worker exercises good judgment in the selection of contractors to perform the work, or that such contractors so selected by the worker perform the work in a workmanlike manner. In short, construing the evidence most strongly in favor of plaintiff, the state breached no duty owed to plaintiff.

Plaintiff contends that the bureau and commission had a fiduciary obligation to him to exercise due care in the handling of disbursement of the funds awarded to him for home improvement. Even assuming that this was true, no disbursements were made which were not pursuant to a decision made by plaintiff as to whom the payment should be made, even though he may not have made a decision as to the time of the payment. On the other hand, plaintiff, without consultation with either the bureau or the commission, made the determination of the settlements with both the first and second contractors selected and contracted with by plaintiff.

The Court of Claims did not err in granting summary judgment to the defendant state of Ohio since, when the evidence is construed most strongly in favor of plaintiff, reasonable minds could conclude under the applicable law only that the state has no liability to plaintiff. The assignment of error is not well taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.

*Judgment affirmed.*

PEGGY BRYANT, P.J., and DESHLER, J., concur.